# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 27, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TRAVIS D. STEVENS,**
**Claimant Below, Petitioner**

**vs.)** **No. 14-0595** (BOR Appeal No. 2049044)
(Claim No. 2013002651)

**CABELL COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Travis D. Stevens, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Cabell County Board of Education, by Jillian Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 21, 2014, in which the Board affirmed a December 4, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 10, 2013, decision denying authorization for a cervical spine MRI. Additionally, the Office of Judges affirmed the claims administrator's January 11, 2013, decision denying a request for authorization of twelve days/units of post-operative physical therapy for the right shoulder for a duration of six weeks, but approving a modification of the request for six days/units of post-operative physical therapy for a duration of six weeks.[1] Finally, the Office of Judges affirmed the claims administrator's April 8, 2013, decision denying authorization for a repeat right shoulder MRI. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1] Mr. Stevens has not appealed the denial of his request for authorization of twelve days/units of post-operative physical therapy for the right shoulder for a duration of six weeks and approval of a modification of the request for six days/units of post-operative physical therapy for a duration of six weeks.

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Stevens sustained multiple injuries when he slipped and fell in the course of his employment on July 10, 2012. As noted by the Office of Judges, neither the Report of Injury nor the Order approving the claim is contained in the evidentiary record. Following the compensable injury, Mr. Stevens sought treatment with Stanley Tao, M.D. Dr. Tao diagnosed a right rotator cuff tear and noted that range of motion in the cervical spine was normal, although right paraspinal tenderness was present. On September 27, 2012, Dr. Tao performed a right shoulder arthroscopy, acromioplasty, and rotator cuff repair.

On December 7, 2012, Mr. Stevens telephoned Dr. Tao's office and reported that he was experiencing neck pain. On December 27, 2012, Mr. Stevens telephoned Dr. Tao's office again and reported that he was experiencing numbness in the fingertips of his left hand but that manipulation of his cervical spine during physical therapy alleviated some of the numbness. On January 10, 2013, Richard Duncan, M.D., performed a records review following a request by Dr. Tao for authorization of a cervical spine MRI. Dr. Duncan noted that although Dr. Tao initially mentioned the presence of right paraspinal tenderness in the cervical spine, there is no report of the presence of spasm of the paraspinal muscles or aggravation of the reported pain with motion. Dr. Duncan then opined that given the lack of positive physical examination findings, the requested cervical spine MRI is not medically necessary. Also on January 10, 2013, the claims administrator denied authorization for the requested cervical spine MRI. Further, on January 11, 2013, the claims administrator denied authorization for twelve days/units of post-operative physical therapy for the right shoulder for a duration of six weeks and approved a modification of the request for six days/units of physical therapy for six weeks.

On April 3, 2013, Martin Kaplan, D.O., performed a records review following a request from Dr. Tao for authorization of a repeat right shoulder MRI. Dr. Kaplan noted that following the right rotator cuff repair, range of motion in the right shoulder improved, no motor or sensory deficits were observed, and all stability tests performed were negative. Dr. Kaplan then opined that the requested repeat right shoulder MRI is not medically necessary because Mr. Stevens does not have a significant change in his symptomology suggestive of significant pathology. On April 8, 2013, the claims administrator denied authorization for the requested repeat right shoulder MRI.

In its Order affirming the January 10, 2013; January 11, 2013; and April 8, 2013, claims administrator's decisions, the Office of Judges held that the requested cervical spine MRI does not constitute medically related and reasonably required treatment secondary to the compensable injury, that the modification for six additional physical therapy visits does constitute medically necessary and reasonably required treatment secondary to the compensable injury, and that the requested repeat right shoulder MRI does not constitute medically related and reasonably required treatment in relation to the compensable injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated May 21, 2014. On appeal, Mr. Stevens asserts that the evidence of record demonstrates that the requested cervical spine and right shoulder MRIs are medically necessary for the treatment of the compensable injury.

Regarding the requested cervical spine MRI, the Office of Judges questioned whether the cervical spine is a compensable component of the claim. The Office of Judges then relied on Dr. Duncan's finding that the requested cervical spine MRI is not medically necessary given Mr. Stevens's medical history. Finally, the Office of Judges noted that approximately five years prior to the compensable injury, Mr. Stevens underwent a nerve conduction study which revealed the presence of bilateral carpal tunnel syndrome and moderate to severe left ulnar neuropathy. Mr. Stevens's complaints of numbness in the left hand, in part, precipitated Dr. Tao's request for authorization of a cervical spine MRI, and the Office of Judges noted that the pre-existing diagnoses revealed during the nerve conduction study could account for the reported numbness in Mr. Stevens's left hand. Regarding the request for authorization of a repeat right shoulder MRI, the Office of Judges relied on Dr. Kaplan's finding that the requested repeat right shoulder MRI is not medically necessary because Mr. Stevens does not have a significant change in his symptomology suggestive of significant pathology. We agree with the reasoning and conclusions of the Office of Judges as adopted and affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 27, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum